# IN THE COURT OF APPEALS OF IOWA

No. 18-1723
Filed February 5, 2020

**NICOLAS COLE JACOBS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.

An applicant appeals the district court's denial of his postconviction-relief application. **AFFIRMED.**

Nate Nieman, Rock Island, Illinois, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

When he was sixteen, Nicolas Jacobs told police he had inappropriately touched a seven-year-old child. The trial court denied a motion to suppress Jacobs's admission. Jacobs then pled guilty to lascivious acts with a child, a forcible felony, and was sentenced accordingly. Later, Jacobs filed this postconviction-relief (PCR) action. The PCR court denied relief. This appeal followed.

Jacobs contends trial counsel was ineffective for failing to challenge Iowa Code section 232.11 (2015) on equal protection grounds. Section 232.11 provides children with a "right to be represented by counsel" that can only be waived under limited circumstances. For example, waiver by a child who is sixteen "is valid only if a good faith effort has been made to notify the child's parent, guardian, or custodian" of specific information, including their right to "visit and confer with the child." Iowa Code § 232.11(2). But these protections only apply during certain "proceedings within the jurisdiction of the juvenile court." *Id.* § 232.11(1). And pursuant to section 232.8(1)(c), violations by children sixteen or older "which constitute [] forcible felon[ies] are excluded from the jurisdiction of the juvenile court." So the protections of section 232.11 do not apply to children sixteen or older who are suspected of a forcible felony.

Jacobs claims this is unconstitutional. He claims section 232.11 violates equal protection because it treats children differently based on the charges they face.

We previously addressed the same issue in *State v. Jennings.* No. 14-2098, 2016 WL 3269545, at *6–7 (Iowa Ct. App. June 15, 2016). There, we

rejected an applicant's claim that "he received ineffective assistance because defense counsel did not challenge the exclusion for forcible felonies in the application of section 232.11 as a violation of equal protection." *Id.* at *6. We see no reason to reach a different conclusion here. We affirm the denial of Jacobs's PCR application.

**AFFIRMED.**